IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEPHEN CHASE,** ) | |
| Petitioner, ) | Civil Action No. 13-29 Erie |
| ) | |
| v. ) | |
| ) | Magistrate Judge Susan Paradise Baxter |
| **WARDEN VESHECCO, et al.,** ) | |
| Respondents. ) | |

# OPINION AND ORDER[1]

Before the Court is Respondents' motion to dismiss the petition for a writ of habeas corpus filed by Stephen Chase pursuant to 28 U.S.C. § 2254. [ECF No. 9]. For the reasons that follow, the motion is granted, a certificate of appealability is denied, and the Clerk's Office is directed to close this case.

## A.   Background

The purpose of a habeas corpus petition is to secure release from illegal custody. See 28 U.S.C. § 2254(a) ("an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 484-87 (1973). In his petition, Chase challenges his imprisonment in the Erie County Prison for civil contempt, which was imposed by order of the Family Division of the Court of Common Pleas of Erie County for failing to pay his support obligations. As relief, he seeks an order from this Court directing that he be released from custody.

The Respondents have filed a motion to dismiss [ECF No. 9] in lieu of an Answer. They explain that Chase's period of incarceration for civil contempt has expired and he has been released from

---

[1]   In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

custody.[2] Accordingly, they argue, the petition must be dismissed as moot. Chase did not file a reply to the motion to dismiss.

**B.     Discussion**

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision*." Burkey, 556 F.3d at 147 (emphasis added) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990), which cited Allen v. Wright, 468 U.S. 737, 750-751 (1984) and Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-473 (1982)).

"The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." Id. (citing Lewis, 494 U.S. at 477-78). Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Id. at 147-78. See also Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

Respondents have demonstrated that Chase has been released from custody. Because he no longer is in prison for civil contempt, there is no relief that this Court can provide to him. Therefore, the Court must conclude that the petition is now moot. Spencer, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

---

[2]     The Court expressly advised Chase that it was his responsibility to notify the Court of any change of address. [ECF No. 2]. He has not done so. His address of record is still the Erie County Prison.

**C.     Certificate of Appealability**

The issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition is governed by 28 U.S.C. § 2253, which provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not find it debatable whether the petition should be dismissed as moot. Accordingly, a certificate of appealability shall be denied.

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  August 15, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN CHASE,** | ) | |
| Petitioner, | ) | Civil Action No. 13-29 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| **WARDEN VESHECCO, et al.,** | ) | |
| Respondents. | ) | |

## ORDER

AND NOW, this 15th day of August, 2013, it is hereby **ORDERED** that the Respondents' motion to dismiss [ECF No. 9] is **GRANTED**. The petition for a writ of habeas corpus is dismissed as moot and a certificate of appealability is denied. The Clerk shall mark this case **CLOSED**.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge